J-S12003-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| EARL CALVIN HANDFIELD II | : | |
| Appellant | : | No. 1759 EDA 2025 |

Appeal from the PCRA Order Entered June 24, 2025
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0004908-2007

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| EARL CALVIN HANDFIELD II | : | |
| Appellant | : | No. 2186 EDA 2025 |

Appeal from the Order Entered June 24, 2025
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0004908-2007

BEFORE:   McLAUGHLIN, J., SULLIVAN, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED JULY 8, 2026**

Earl Calvin Handfield II appeals *pro se* from the order denying his fourth

Post Conviction Relief Act ("PCRA") petition and from the order denying his

_____

[*] Retired Senior Judge assigned to the Superior Court.

Motion Under Contractual Enforcement for Specific Performance ("the contract

motion"). **See** 42 Pa.C.S.A. §§ 9541-9546. We affirm.

Handfield was convicted by a jury in 2009 of first-degree murder and

possession of instruments of crime.[1] The underlying facts are as follows:

> During the evening of October 19, 2005, in an alley in the city of Coatesville, Pennsylvania, Charles Corey "Peen" Jennings was shot and killed. . . .
>
> On November 16, 2006, the Commonwealth obtained an order compelling [Handfield] to appear before the grand jury under the grant of immunity. . . . [W]hile testifying about the death of Mr. Jennings, [Handfield] implicated himself in the murder.
>
> Following an independent investigation, police arrested Handfield and charged him with first-degree murder and related charges. Handfield proceeded to a jury trial[.]

**Commonwealth v. Handfield**, No. 2360 EDA 2022, 2023 WL 6567801 at *1

(Pa.Super. 2023) (unpublished mem.) (cleaned up).

At trial, David Johnson testified for the Commonwealth that he

witnessed Handfield shoot Jennings. Handfield argued that Johnson had been

the shooter, and he had been the witness. The jury convicted Handfield, and

the trial court sentenced him to an aggregate term of life in prison.

On direct appeal, Handfield argued the court erred in denying his pre-

trial motion to dismiss. He argued that "the Commonwealth did not prove its

prosecution of [Handfield] was based on a legitimate source wholly

independent of [Handfield] giving compelled, immunized grand jury

---

[1] **See** 18 Pa.C.S.A. §§ 2502(a) and 907(a), respectively.

- 2 -

testimony." **Commonwealth v. Handfield**, 34 A.3d 187, 201 (Pa.Super. 2011). In a published opinion, we determined that Handfield's prosecution arose not from his inculpatory grand jury testimony, but from legitimate, independent sources, and therefore did not violate Handfield's grant of "use and derivative use" immunity. **Id.** at 202-07 (citing 42 Pa.C.S.A. § 5947, **Kastigar v. United States**, 406 U.S. 441 (1972), and **Commonwealth v. Swinehart**, 664 A.2d 957 (Pa. 1995)). We affirmed Handfield's judgment of sentence, and on October 1, 2012, our Supreme Court denied Handfield's petition for allowance of appeal. Handfield thereafter filed three PCRA petitions, none of which resulted in relief.

In early 2025, over 12 years after we affirmed Handfield's judgment of sentence, Handfield filed the instant PCRA petition, *pro se*. Handfield's petition included affidavits from two witnesses — Sheron Purnell and Lyntrell Hernandez — stating that they would testify that they saw Johnson, since deceased, at the crime scene at the time of the murder. **See** Opinion Sur Rule 1925(a), 10/17/25 3:41 P.M., at 5-7. Handfield asserted that he was innocent and had lied during his grand jury testimony implicating himself in the shooting only to protect Johnson, who had been, at that time, the lead suspect. **Id.** at 5.

Handfield also filed the contract motion, *pro se*. Handfield argued "that he should be exonerated because the Commonwealth violated his use and derivative use immunity agreement by relying on the testimony of

Commonwealth witnesses who . . . were 'not legitimate sources[.]'" Opinion Sur Rule 1925(a), 10/17/25 3:40 P.M., at 5.

The court issued notice of its intent to dismiss the PCRA petition without a hearing. The court found that the petition did not satisfy the newly-discovered facts exception to the PCRA's time-bar. It explained that the new witnesses "are only newly-willing sources who have, conveniently now that Mr. Johnson is dead, come forth to offer testimony in support of supposed 'facts'" that Handfield would have known at the time of trial: *i.e.,* that Johnson, and not Handfield, was the shooter. **See** Opinion Sur Rule 1925(a), 10/17/25 3:41 P.M, at 16.

The PCRA court also found that Handfield had failed to establish due diligence. It observed that Hernandez had testified for the defense, impeaching Johnson's trial testimony by implicating Johnson in an unrelated crime. The court surmised that Hernandez had therefore been available to testify for the defense at the time of trial and point the finger at Johnson. **See** Notice of Intent to Dismiss, 5/1/25, at 1 n.1. The court rejected Handfield's claim that Hernandez had been too afraid to testify against Johnson while Johnson was alive, since Hernandez had implicated Johnson in the other crime. **Id.** It also observed Purnell was the child of a Commonwealth witness, Christina Purnell, who had testified at trial that, when at her mother's home, she heard gunshots and saw Jennings fall to the ground. Purnell was 11 years old at the time of trial, and was also at his grandmother's home that night. The court found Handfield did "not explain why he never inquired of Mr. Purnell

- 4 -

back then, or in the fifteen years since trial, what, if anything, Mr. Purnell allegedly observed on the night of the crime." *Id.*

In addition to finding the petition untimely, the court observed that the proffered testimony presented the same version of the crime as the one "delivered to the jury by the defense at trial." Opinion Sur Rule 1925(a), 10/17/25 3:41 P.M at 18. It noted that Johnson admitted during trial that he was with Handfield at the scene that night, and there was testimony that "Johnson even bragged to his friends about having committed the crime in the days after the shooting." *Id.* The court also observed that neither witness claimed they "actually saw anybody shoot Mr. Jennings." *Id.*[2]

The court thereafter issued an order dismissing the PCRA petition. On the same day, it entered a separate order denying the contract motion. In denying the contract motion, the court noted that "it has already been determined that [Handfield's] trial was not tainted by any violation of *Kastigar v. United States*, [406 U.S. 441 ()]1972)." Order, Criminal Action—Law, 6/24/25, at 1 n.1.[3]

_____

[2] The court also determined that 1. Handfield's claim of innocence lacked credibility, based on his admission that he lied during his grand jury testimony; 2. this obviated any need for an evidentiary hearing; and 3. the court was permitted to consider the grand jury testimony during the PCRA proceedings. Opinion Sur Rule 1925(a), 10/17/25 3:41 P.M, at 26-28.

[3] The court also noted that Handfield "received a different type of immunity than that extended to Mr. Cosby," and that the statute of limitations on a breach of contract claim had expired. Order, Criminal Action—Law, 6/24/25, at 1 n.1 (citing 42 Pa.C.S.A. §§ 5525, 5526, 5527). In its Rule 1925(a)
*(Footnote Continued Next Page)*

Handfield appealed from both orders. We consolidated the appeals *sua sponte*.

Handfield raises the following issues:

1. Did the lower court err by dismissing [Handfield]'s contract enforcement/specific performance motion as untimely without reviewing it on equitable grounds, where [Handfield] detrimentally relied on the Commonwealth's use immunity agreement that it could only indict him with "legitimate sources"?

2. Did the PCRA court err where it: 1) found the newly discovered facts were previously known because they corroborated the trial defense that D. Johnson was the shooter of the victim and not [Handfield] and 2) failed to recognize that the new facts provide a different version of the crime?

3. Did the PCRA court misapprehend the diligence standard where it ruled that [Handfield] should have pursued the newly discovered facts earlier - though to do so would require [Handfield] to unreasonably assume the Commonwealth's discovery reports and trial evidence was fabricated?

4. Did the PCRA court misapply the prejudice prong in the after discovered evidence analysis where it made improper credibility determinations due to mischaracterizing material facts and failing to consider that all of the prosecution's evidence was conflicted?

5. Did the PCRA court fail to conduct an evidentiary hearing to assess the demeanor of exculpatory witnesses offering genuine material facts directly supporting [Handfield]'s innocence?

Handfield's Br. at 2 (answers omitted; typeface regularized).

We will begin by addressing the latter four claims, which go to the denial

of PCRA relief. In his second issue, Handfield argues the court erred in finding

_____

opinion, the trial court additionally posits that if Handfield lied during his grand jury testimony, as he alleges in his fourth PCRA petition, then Handfield breached any agreement before the alleged breach by the Commonwealth. Opinion Sur Rule 1925(a), 10/17/25 3:40 P.M., at 5-6.

his new witness testimony does not qualify as previously unknown facts for purposes of satisfying the PCRA's timeliness requirements. In his supplemental brief,[4] Handfield explains that the previously unknown fact at issue is not that Johnson was the shooter, but "that Johnson was seen fleeing from the crime scene moments after the shooting" by the new witnesses. Handfield's Supp. Br. at 3. He claims the recent Supreme Court decision in **Commonwealth v. Brown**, 350 A.3d 12 (Pa. 2026), entitles him to relief.

"On appeal from the denial or grant of relief under the PCRA, our review is limited to determining 'whether the PCRA court's ruling is supported by the record and free of legal error.'" **Commonwealth v. Hereford**, 334 A.3d 903, 907 (Pa.Super. 2025) (*en banc*), *appeal denied*, 348 A.3d 679 (Pa. 2025) (quoting **Commonwealth v. Presley**, 193 A.3d 436, 442 (Pa.Super. 2018))

If a PCRA petition is untimely, we lack jurisdiction to address the merits of the claims within it. **Commonwealth v. Anderson**, 234 A.3d 735, 737 (Pa.Super. 2020). A PCRA petitioner must file a petition seeking PCRA relief within one year of the date the petitioner's judgment of sentence became final, or plead and prove one of three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

_____

[4] We granted Handfield leave to file a supplemental brief.

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii); *see Anderson*, 234 A.3d at 738.

Here, Handfield alleges his petition was timely under the second exception, the "unknown facts" exception. He maintains the "facts" that Purnell and Hernandez saw Johnson fleeing from the crime scene on the night of the murder were previously unknown to him. *See* 42 Pa.C.S.A. § 9545(b)(1)(ii). As we stated above, the PCRA court rejected this claim, in part, because it determined the relevant "fact" was Johnson's activity on the night of the murder, of which Handfield was already aware.

This was not error. The focus of the newly discovered facts exception "is on [the] newly discovered facts, not on a newly discovered or newly willing source for previously known facts." *Commonwealth v. Rivera*, 324 A.3d 452, 468 n.17 (Pa. 2024). In *Commonwealth v. Branthafer*, 315 A.3d 113 (Pa.Super. 2024), *appeal denied*, 333 A.3d 1266 (Pa. 2025), the petitioner claimed that his petition was timely based on "testimony and affidavits from previously untapped sources, which purported to show that [he] was not in the presence of the other accomplices . . . on the evening of the incident." *Branthafer*, 315 A.3d at 129. The petitioner argued these were newly discovered facts. We rejected this argument because the petitioner's "location on the evening of the incident . . . has been a fact steadfastly maintained by

[petitioner] throughout his legal journey and a fact that has always been known by [petitioner]." *Id.* at 130. We stated,

Pennsylvania case law is unmistakably clear that only **new facts**, not newly-uncovered information pertinent to previously known facts, trigger the timeliness exception pursuant to Section 9545(b)(1)(ii).

[The petitioner's] own whereabouts on the evening of the incident were always known to him, as it cannot seriously be asserted that [the petitioner] did not know his physical location on the night in question. . . . [The] affidavit, and subsequent testimony at the PCRA evidentiary hearing, do not constitute newly-discovered facts, for purpose of the newly-discovered facts exception pursuant to Section 9545(b)(1)(ii) but, rather, are newly-discovered or newly-willing **sources** that confirm or support a previously known fact, namely, as [the petitioner] has consistently maintained, that he was not present in [a certain location] on the evening of the incident. *See Commonwealth v. Marshall*, 596 Pa. 587, 947 A.2d 714, 720 (2008) (stating, "the focus of the exception is on the newly[-]discovered facts, not a newly[-]discovered or newly[-]willing source for previously known facts" (citation, original quotation marks, and original brackets omitted)); *see also Commonwealth v. Abu-Jamal*, 596 Pa. 219, 941 A.2d 1263, 1267 (2008) (holding that, affidavits, alleging two key Commonwealth witnesses perjured themselves at trial (a claim maintained by Abu-Jamal and, thus "known" to him), did not constitute newly-discovered facts, for purpose of the timeliness exception, because the only "new" fact was that two new witnesses provided affidavits and testimony to support the previously known fact of perjured testimony); [*Commonwealth v.*] *Small*, 238 A.3d [1267, ]1287 [(Pa. 2020) ](finding that . . . a co-defendant's testimony at a subsequent PCRA evidentiary hearing that was "materially consistent with his trial testimony" offered during Small's joint trial with co-defendant did not constitute an "unknown" fact for purpose of the newly-discovered facts exception but, rather, was a newly-discovered source of a previously known fact, namely the contents of the co-defendant's testimony).

*Id.* at 130-31 (footnote omitted) (emphasis in original); ***accord Commonwealth v. Mickeals***, 335 A.3d 13, 24 (Pa.Super. 2025), *appeal denied*, No. 418 EAL 2025, 2026 WL 1326577 (Pa. May 13, 2026).

Here, Handfield's proposed witness testimony amounts to new sources for a fact that Handfield already knew: that Johnson was present at the scene of the murder. Handfield has not discovered a new fact. His petition is therefore untimely.

***Brown*** is distinguishable. There, the petitioner alleged the fact that a third-party had also confessed to the crime to a *second* person was the basis for both a ***Brady*** claim and an after-discovered evidence claim. The Supreme Court held that in that context, "[t]wo separate confessions are two distinct facts for purposes of the newly discovered facts exception." ***Brown***, 350 A.3d at 28. Here, neither of the new "facts," as Handfield considers them, is a third-party confession, and moreover, he has not asserted new witness testimony as a predicate for a ***Brady*** claim. We decline to extend ***Brown*** as applicable to the instant case.

In his third issue, Handfield argues the court erred in finding he did not exercise due diligence in discovering the new witness testimony. In his fourth issue, Handfield argues the court erred in determining he failed to establish the after-discovered evidence would likely have compelled a different verdict. In his fifth issue, Handfield asserts the court erred in failing to hold a hearing to determine the credibility of the new witnesses. ***See*** Handfield's Br. at 31-

46. We will not address these claims, because Handfield's petition was untimely.

We return to Handfield's first issue, in which he challenges the denial of the contract motion. Handfield contends that in prosecuting him, the Commonwealth breached his immunity agreement "by using illegitimate witnesses" — David Johnson and Adrienne Beckett — who Handfield claims were tainted by his immunized testimony. Handfield's Br. at 10, 15-16, 17-22. He argues this claim should be decided by the principles of contract law, equity, and special due process concerns. *Id.* at 16-17, 23-26; Handfield's Reply Br. at 2 (citing *Commonwealth v. Cosby*, 252 A.3d 1092, 1134 (Pa. 2020)).

Handfield presents this claim as a contract claim, for which the PCRA time constraints may not apply. *See, e.g., Commonwealth v. Kerns*, 220 A.3d 607, 611-12 (Pa.Super. 2019) (finding petition to enforce plea agreement does not fall within ambit of PCRA).

However, as noted by the trial court, Handfield fails to confront our previous decision, during Handfield's *Kastigar* challenge on direct appeal, that Handfield's prosecution arose from independent and legitimate sources. *See Handfield*, 34 A.3d at 207. Handfield attempts to distinguish the two claims, arguing "the *Kastigar* issue [raised on direct appeal] alleged that the prosecution violated the 5th Amendment where it used Handfield's immunized testimony as a lead to bring the indictment against him." Handfield's Reply Br. at 2. He maintains that in contrast, "[t]he present issue is that the specific

witnesses used to prosecute were not 'legitimate sources', therefore [the Commonwealth] breached the terms of its Use Immunity contract." *Id.*

We reject this attempt. On direct appeal, we determined that the Commonwealth's independent sources used to prosecute Handfield were "legitimate," for the purposes of the use and derivate use immunity that was granted to him. That ruling became the law of the case. The law of the case doctrine prohibits us from revisiting our previous decision on the issue. *See Commonwealth v. Bostian*, 232 A.3d 898, 907 (Pa.Super. 2020) (citation omitted) ("upon a second appeal, an appellate court may not alter the resolution of a legal question previously decided by the same appellate court"); *see also Commonwealth v. Starr*, 664 A.2d 1326, 1331-33 (Pa. 1995); *Commonwealth v. Gacobano*, 65 A.3d 416, 419 (Pa.Super. 2013).

Orders affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/8/2026